UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. Bank, N.A., as Trustee for the Certificateholders of the LXS 2006-12N Trust Fund,<br><br>    Plaintiff<br><br>v.<br><br>Ascente Homeowners Association; Las Vegas Development Group, LLC; Does 1 through X; and Roe Corporations I through X,<br><br>    Defendants | 2:15-cv-00302-JAD-VCF<br><br>**Order Denying Motion to Dismiss Claims Against Ascente Homeowners Association**<br><br>[ECF 10] |

Plaintiff U.S. Bank brings this action to avoid the effects of the Nevada Supreme Court's holding in *SFR Investments Pool 1, LLC v. U.S. Bank*[1] that homeowner associations' nonjudicial foreclosures on superpriority liens under NRS 116.3116 extinguish lenders' first trust deeds. U.S. Bank claims it held the note on a home in the Ascente neighborhood of Henderson, Nevada, when the homeowner defaulted on her Ascente Homeowners' Association ("HOA") assessments. The HOA then sold the home to Las Vegas Development Group, LLC ("LVDG") in a nonjudicial foreclosure conducted under NRS Chapter 116 for a small fraction of the unpaid loan amount.[2] The Bank sues LVDG for quiet title, unjust enrichment, injunctive relief, and a declaration that the sale to LVDG did not extinguish the Bank's interest despite the *SFR* holding, but it also names the HOA as a defendant.[3]

The HOA asks to be dismissed from this suit.[4] It argues it is an improper party to the Bank's quiet-title claim under Nevada law and, alternatively, that the claim against it must be dismissed because NRS 38.310 requires a court to dismiss any claim relating to the interpretation, application,

---

[1] *SFR Inv. Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

[2] ECF 1.

[3] *Id.*

[4] ECF 10.

or enforcement of CC&Rs if the plaintiff has not first mediated its claim before the Nevada Real Estate Division. I find that the HOA is a necessary party based on the relief the Bank prays for and that the HOA's NRS 38.310 argument ignores an express exception in the statute. I thus deny the motion in its entirety.

## Discussion

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint.[5] A complaint should be dismissed under this rule only when it lacks "a cognizable legal theory or sufficient facts to support a cognizable legal theory."[6] The Bank pleads three enumerated causes of action in its complaint: (1) "Declaratory Relief/Quiet Title," (2) "Unjust Enrichment Against LVDG," and (3) "Injunctive Relief Against LVDG."[7] Because only the first cause of action is not titularly limited to LVDG, it is the only one that might contain a claim against the HOA, and it is the only one I scrutinize under FRCP 12(b)(6).

### A.   The HOA is a Necessary Party.

"NRS 40.010 governs Nevada quiet title actions and provides: 'An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim.'"[8] Although "[a] plea to quiet title does not require any particular elements,"[9] each party must have or assert an interest in the property. The Bank does not allege that the HOA has or claims, and the HOA by its motion renounces,[10] any *present* interest in this property. Indeed, the HOA's interest was the lien it held before—and satisfied with the proceeds of—the foreclosure sale.

---

[5] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

[6] *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

[7] ECF 1.

[8] *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (quoting Nev. Rev. Stat. § 40.010).

[9] *Id*.

[10] ECF 10 at 2 ("the Association currently claims no interest in the Property . . .").

But the Bank is challenging the validity of that sale, and the remedies it seeks in this action include declarations that the sale was invalid, that the sale did not extinguish the Bank's interest, and "that the super-priority portion of the HOA's lien [was] eliminated as a result of [the Bank's] tender of an amount equal to or greater than the super-priority amount."[11]  With some limitations not applicable here, Rule 19(a) of the Federal Rules of Civil Procedure requires a party to be joined in a suit if it "claims an interest relating to the subject of the action and is so situated that the disposition of the action in [its] absence may (i) as a practical matter impair or impede [its] ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of [its] claimed interest."[12]  The "complete relief" factor considers whether the existing parties can obtain "consummate rather than partial or hollow relief" and whether there is a real possibility of "multiple lawsuits on the same cause of action."[13]

Based on the allegations and the type of relief the Bank prays for, it appears at this nascent stage of this litigation that the HOA is a necessary party.  The disposition of this action in the HOA's absence may impair or impede its ability to protect its interests.  And if the Bank succeeds in invalidating the sale without the HOA being a party to this suit, separate litigation to further settle the priority of the parties' respective liens and rights may be necessary.  Thus, at this point, the HOA appears to be a necessary party, at least nominally, so the motion to dismiss is denied.

**B.    The Bank's Claim Against the HOA Is Not Barred by NRS 38.310.**

NRS 38.310 prevents the commencement of any "civil action based upon a claim relating to (a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association; or (b) The procedures used for increasing, decreasing or imposing additional assessments upon residential

---

[11] ECF 1 at 11.

[12] Fed. R. Civ. P. 19(a).

[13] *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983).

property, . . . unless the action has been submitted to mediation . . . ."[14]  As the Nevada Supreme Court explained in *Hamm v. Arrowcreek Homeowners' Association*, "If a party institutes a civil action in violation of NRS 38.310(1), the district court must dismiss it" under NRS 38.310(2).[15]

But the statute expressly exempts from its preclusive reach "an action relating to the title to residential property."[16]  So, assuming this Nevada statute could dictate federal-court jurisdiction, it still would not bar the Bank's quiet title/declaratory relief claim against the HOA because this claim squarely relates to the title of residential property.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Ascente Homeowners' Association's Motion to Dismiss Plaintiff's Complaint **[ECF 10] is DENIED**.

Dated this 15th day of December, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[14] Nev. Rev. Stat. § 38.310.

[15] *Hamm v. Arrowcreek Homeowners' Ass'n*, 183 P.3d 895, 900 (Nev. 2008); *McKnight Family, LLP v. Adept Mgmt.*, 310 P.3d 555, 558 (Nev. 2013) (the statute's language "mandates the court to dismiss any civil action initiation in violation of NRS 38.310(1)").

[16] Nev. Rev. Stat. § 38.300(3) ("'Civil action' . . . does not include . . . an action relating to the title to residential property.").