UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

U.S. BANK, N.A.,

    Plaintiff(s),

v.

ASCENTE HOMEOWNERS ASSOCIATION, et al.,

    Defendant(s).

Case No.: 2:15-cv-00302-JAD-NJK

**ORDER**

The undersigned presided over a settlement conference in this case on June 11 and June 21, 2021. The Court declines to take formal action related thereto, but hereby puts the parties and counsel on notice of the following.

First, party representatives appearing for a settlement conference must have <u>full</u> settlement authority. Docket No. 98 at 1. A representative who appears for a settlement conference with a pre-arranged settlement limit does not have full settlement authority. *See, e.g.*, *Wilson v. KRD Trucking West*, 2013 WL 836995, at *2-4 (D. Nev. Mar. 6, 2013). Indeed, a key component of the settlement conference process is for parties to reevaluate their positions or valuations based on the discussions taking place, which is impeded if the corporate representative is unable to budge from a preset number regardless of the developments that are occurring. *See, e.g.*, *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 597 (8th Cir. 2001) (quoting district court decision). The Court expects strict compliance with this requirement moving forward.

Second, although a settlement conference is in some ways informal in nature, the Court expects that appropriate decorum is observed. Absent circumstances not present here, such as indigency, a corporate representative should not appear for a settlement conference from what appears to be an unkempt teenager's bedroom with that teenager sleeping in the background during

1

portions of the settlement conference. Nor should a corporate representative appear for a settlement conference in casual attire and a baseball cap. Although this issue is not as problematic as the authority issue addressed above, the Court also expects more appropriate behavior in the future.

IT IS SO ORDERED.

Dated: June 21, 2021

_____
Nancy J. Koppe
United States Magistrate Judge